

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-29-2007

# USA v. Cole

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Cole" (2007). *2007 Decisions.* Paper 176.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/176

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3158

———————

UNITED STATES OF AMERICA

v.

NORMAN COLE,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00635)
District Judge: Honorable Paul S. Diamond

———————

Submitted Under Third Circuit LAR 34.1(a)
November 9, 2007

Before: SCIRICA, Chief Judge, AMBRO, and JORDAN, Circuit Judges

(Opinion filed November 29, 2007)

———————

OPINION

———————

AMBRO, Circuit Judge

Norman Cole, having pled guilty to bribery in connection with a program receiving

federal funds, appeals his sentence of 24 months' imprisonment, three years' supervised

release, a $100 special assessment, and restitution of $105,307. For the reasons below, we conclude that the District Court's sentence was reasonable, and therefore affirm.

Cole, a master plumber, circumvented the City of Philadelphia's process for obtaining a water service permit by secretly purchasing the permits for half price from a corrupt office clerk, Kathleen Brooks, who in turn pocketed the money rather than remitting it to the City. Brooks, Cole, and four other plumbers who purchased permits illegally (Andrew Garappo, Mitchell Gordon, George Manosis, and Russell Brown) were indicted—some for mail fraud, and some for bribery—and all of them ultimately pleaded guilty. Brooks, having initially acted as ringleader but also having cooperated with the Government's prosecution of the case, received 24 months' imprisonment, three years' supervised release, restitution of $332,482, and a special assessment of $100. The four plumbers (besides Cole) who illegally paid Brooks for permits received probation rather than imprisonment. On appeal, Cole argues that his sentence was unreasonable because the District Court failed properly to consider several sentencing factors found in 18 U.S.C. § 3553(a)—factors which would, Cole argues, have weighed in favor of a less severe sentence.

Under *United States v. Booker*, 543 U.S. 220, 261 (2005), we review the District Court's sentence for reasonableness. "To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant [§ 3553(a)] factors." *United States v. Cooper*, 437

2

F.3d 324, 327 (3d Cir. 2006). The factors relevant to this case are "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); "the kinds of sentences available," § 3553(a)(3); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6).

On appeal, Cole argues that the District Court failed to consider (1) Cole's age of 60 years, which he alleges should have been considered as part of a consideration of the "history and circumstances of the defendant" under § 3553(a)(1); (2) alternatives to incarceration, which he argues should have been considered as part of a consideration of "the kinds of sentences available" under § 3553(a)(3) and also under § 3553(a)'s admonition that the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing; and (3) the disparities between Cole's sentence and the average bribery sentence nationwide and in the Eastern District of Pennsylvania, as well as between Cole's sentence and those of his co-defendants, which disparities he argues should have been considered as part of a consideration of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" under § 3553(a)(6).

Cole's argument that the District Court failed to consider § 3553(a)(6)'s disparity provision fails for two reasons. First, the contention that Cole's sentence departs from the average sentence for bribery nationwide and in the Eastern District of Pennsylvania is

3

unpersuasive because he has not explained how the severity of his offense or his other relevant circumstances are comparable in degree to those of the average bribery defendant in either jurisdiction, and also because Cole's sentence falls within the Guidelines range by which Congress has sought to ensure similar sentences for similarly situated defendants. Second, Cole's argument that his sentence unduly departs from that of the other plumbers in this particular permit-purchasing scheme is similarly unpersuasive. We have held that "a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Moreover, even if we had not so held, the record reveals sufficient justification for the disparity in this case. As the Government notes, the value of Cole's illegally obtained permits significantly exceeded that of the other four plumbers' permits. Similarly, we find sufficient reason for the similarity between Cole's and Brooks's sentences: Brooks, though the ringleader and thus the most culpable initially, cooperated with the Government's prosecution of the case.

Cole's remaining arguments are also unpersuasive. Because he did not present his age as a reason for a reduced sentence before the District Court at his sentencing hearing, we review the age claim for plain error, and we find none. *See United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) (applying plain error review for sentencing argument not raised before district court at sentencing hearing). Moreover, we are not persuaded by Cole's argument that the District Court failed to consider alternatives to incarceration.

4

We have held that a district judge is not required to state that the sentence imposed is the minimum necessary to achieve the purposes of sentencing, *id.* at 506, and after reviewing the record we are satisfied that the District Court considered whether a lesser sentence would have been appropriate.

Concluding that the District Court's sentence was reasonable, we affirm.